**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| OSWALDO ELEAZAR ESCALANTE-MOLINA, AKA Oswaldo Eliaz Escalante-Molina, AKA Oswaldo Eliaza Escalante-Molina, | No. 20-70983 |
| Petitioner, | Agency No. A097-399-199 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 3, 2021**
Portland, Oregon

Before: W. FLETCHER, BEA, and FRIEDLAND, Circuit Judges.

Oswaldo Escalante Molina, a native of Belize and a dual citizen of Belize

and El Salvador, petitions for review of a Board of Immigration Appeals' decision

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

upholding the denial of his claims for withholding of removal to Belize and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

The BIA adopted and affirmed the decision of the Immigration Judge ("IJ"). "[W]hen the BIA adopts the decision of the IJ, we review the IJ's decision as if it were that of the BIA." *Abebe v. Gonzales*, 432 F.3d 1037, 1039 (9th Cir. 2005) (en banc) (quotation marks omitted).

Substantial evidence supports the IJ's determination that Escalante Molina failed to establish that he would more likely than not face future persecution in Belize. Escalante Molina's testimony, deemed credible by the IJ, demonstrated a subjective fear of future persecution. But, while the IJ "acknowledge[d] the possibility that [Escalante Molina] could be harmed in Belize and that such harm would be at least in part on account of his religious beliefs," he appropriately found "that this possibility falls far short of the more likely than not standard necessary to establish eligibility for withholding of removal." *See Canales-Vargas v. Gonzales*, 441 F.3d 739, 746–47 (9th Cir. 2006). In light of this finding, Escalante Molina's fear was not objectively reasonable for purposes of withholding of removal. *See Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009). We therefore deny the petition as to his claim for withholding of removal to Belize.

2

Substantial evidence also supports the denial of Escalante Molina's CAT claims because he failed to show it is more likely than not that he will be tortured in Belize or El Salvador "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033–34 (9th Cir. 2014).

**PETITION DENIED.**